IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. RODNEY NORTHERN

**Appeal from the Circuit Court for Cocke County**
**No. 1217     Rex Henry Ogle, Judge**

_____

**No. E2009-01969-CCA-R3-CD - Filed July 21, 2010**

_____

The defendant, Rodney Northern, pleaded guilty to one count of theft in exchange for a four-year sentence to be served as 50 days' incarceration with the remainder on supervised probation. The plea agreement provided that the trial court would later determine the amount of restitution, and after a hearing the trial court ordered $10,500 in restitution to the victim, Melvin Hance. On appeal, the defendant challenges the amount of restitution. After review of the record, we hold that this court lacks jurisdiction to hear this case because the trial court failed to enter a final judgment.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which J.C. MCLIN, J., joined. JOSEPH M. TIPTON, P.J., filed a separate dissenting opinion.

J. Derreck Whitson, Newport, Tennessee, for the appellant, Rodney Northern.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James B. Dunn, District Attorney General; and Brownlow Marsh, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 29, 2009, the defendant pleaded guilty to one count of theft of property valued at $10,000 or more but less than $60,000. *See* T.C.A. § 39-14-103, -105(4) (2006). The plea agreement provided that he serve a four-year sentence as 50 days' incarceration followed by supervised probation. The agreement also provided that the amount of restitution would be determined at a later hearing. Notably, the trial court entered an order on the standard judgment of conviction form on June 29, 2009, reflecting the agreed

conviction and sentence; however, the restitution portion of the judgment form simply read "TBD @ hearing."

At the September 14, 2009 restitution hearing, the victim testified that the defendant stole his 2001 Jeep Wrangler, a vehicle he purchased in November 2007 for "around [$12,500], [$12,800], something of that sort." He testified that the defendant stole the vehicle from his apartment and "stripped it out, cut the top out, made a rock climber . . . out of it." The victim explained that he financed "very little on it at a loan company" and that the loan company held the insurance on the vehicle and took possession of it after it was recovered from the defendant. The victim testified that he bought the vehicle back from the loan company for $1,300.

The victim testified that, when he purchased the vehicle, he borrowed between $3,500 and $4,800 and that, after including finance charges, he owed a total of $6,200 on the vehicle when it was stolen on February 27, 2008.

On cross-examination, the victim stated that he traded the damaged vehicle for a pickup truck in the "$1,000 to $1,500 range." He stated that he did not trade through an automobile dealership but that he directly traded with a man named Pedro Guger.

The victim admitted he only had two receipts available for the court's examination. The first receipt reflected that he paid Excel Financial of Newport $1,300 to regain possession of the 2001 Jeep Wrangler. Another receipt reflected that he paid $413.40 to have the vehicle towed.

The defendant presented no evidence. At the conclusion of the hearing, the trial court said, "Well, folks, based upon the uncontradicted testimony of the victim in this case, the [c]ourt must find that he is entitled to his $10,500 as restitution." The trial judge stated that the defendant could arrange a payment schedule through his probation officer. On September 14, 2009, the trial court entered an order granting $10,500 in restitution to the victim, Melvin Hance; however, the trial court's September 14 order neither mentioned nor expressed an amendment of the judgment of conviction form entered on June 29.

The defendant appeals the amount of restitution and argues that the trial court erred in ordering $10,500 in restitution when "[t]here was no evidence presented to corroborate the victim's testimony as to the value of the automobile."

First, we consider whether this court has jurisdiction to consider this case on appeal. The case comes to this court as a Tennessee Rule of Appellate Procedure 3(b) appeal as of right. A convicted defendant in a criminal proceeding has a right to appeal from a final

judgment of conviction. Tenn. R. App. P. 3(b). "Under our rules of appellate procedure, Rule 3 appeals . . . may be taken only from final judgments." *State v. Maddox*, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980). We note that the requirement of a *final* criminal conviction judgment emanates from Tennessee Code Annotated section 16-5-108 as well as Rule of Appellate Procedure 3(b). Code section 16-5-108(a)(1), in delineating the jurisdiction of the court of criminal appeals, provides, "The jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the *final* judgments of trial courts in . . . [c]riminal cases, both felony and misdemeanor." T.C.A. § 16-5-108(a)(1) (1994) (emphasis added). A judgment is final "when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995).

The analysis of appellate jurisdiction in this case, therefore, begins with determining whether the trial court entered a final judgment. We have no doubt that the trial court entered an order on June 29, 2009, expressing the imposition of a conviction and partial terms for a sentence, or that it did so via a standard conviction judgment form. *See* Tenn. R. S. Ct. 17 (promulgating uniform judgment document for criminal cases). The threshold issue is whether the judgment of conviction form entered on June 29 should be deemed a "final judgment" in view of its failure to prescribe all of the terms of the sentence, specifically the amount and payment schedule of restitution.

In the instant case, the judgment from which the defendant appeals is not complete. First, we note that restitution is mandated in theft cases. T.C.A. § 40-20-116(a). The statute reads:

> Whenever a felon is convicted of stealing or feloniously taking or receiving property, or defrauding another of property, the jury shall ascertain the value of the property, if not previously restored to the owner, and the court shall, thereupon, order the restitution of the property, and, in case this cannot be done, that the party aggrieved recover the value assessed against the prisoner, for which execution may issue as in other cases.

T.C.A. § 40-20-116(a). The June 29 "judgment" not only failed to express all of the anticipated sentencing terms, but it failed to express terms that were mandated by statute. Those terms for restitution were left pending. Thus, the June 29 order did not "decide[] and dispose[] of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson*, 913 S.W.2d at 460. As such, the June 29 filing is better classified as an order rather than a judgment.

Next, we must determine whether the September 14 order amended the June 29 order, in effect curing it as a final judgment. To make that determination, we must first be assured that the trial court had jurisdiction to enter the September 14 order more than 30 days following the entry of the first order. *See State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001) (recognizing that, generally, a judgment in a criminal case becomes final 30 days after its entry and that, thereafter, a trial court has no jurisdiction to modify it). We have already determined, however, that the June 29 order did not have the gravity of a final judgment, and consequently, the trial court retained jurisdiction over the case when it entered the second order on September 14.

Concluding that the trial court retained jurisdiction in the case on September 14 does not equate, however, to a determination that the September 14 order was effective in rendering a final judgment in the case. For the following reasons, we cannot conclude that the September 14 order was effective to "cure" the final judgment.

First, we note that nothing in the June 29 order incorporates the subsequent order. Moreover, the September 14 order does not purport to amend the earlier judgment form.

Secondly, the trial court was not statutorily empowered to set restitution via the September 14, 2009 order or any order for that matter. The plea agreement in the instant case contemplated a sentence of split confinement, *see* T.C.A. § 40-35-306(a) ("A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement . . . ."), with payment of restitution as a condition of probation, *see id*. § 40-35-304. Such alternative sentencing schemes are specifically contemplated by our sentencing laws. *See id*. § 40-35-104(c)(2),(4) (allowing a combination of split confinement with payment of restitution as a condition of the probationary sentence). However, Code section 40-35-304 provides the procedure by which a trial court must assess the amount of restitution and order payment. The statute specifically contemplates the instant case:

> The procedure for a defendant sentenced to pay restitution pursuant to § 40-35-104(c)(2), or otherwise shall be the same as is provided in this section with the following exceptions:
>
> (1) If there is no sentencing hearing or presentence report because the defendant's sentence is agreed upon and the payment of restitution is part of the sentence, the plea agreement *shall* include the amount of restitution and the other performance requirements set out in [Code section 40-35-304(c)].

-4-

*Id.* § 40-35-304(g)(1) (emphasis added). From our reading of Code section 40-35-304(g), a plea agreement that preempts a sentencing hearing and involves restitution must include the restitution amount and payment schedule. *See also State v. Jennifer H. Trout Chandler*, No. M2007-01400-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, Oct. 2, 2009) ("According to T.C.A. § 40-35-304(g)(1), if there is no sentencing hearing or presentence report because a defendant's sentence is agreed upon and the payment of restitution is a part of the sentence, the plea agreement should include the amount of restitution and time of payment . . . ."). The defendant's plea agreement falls squarely within Code section 40-35-304(g)(1), and the agreement should have included the terms for the statutorily required restitution. Thus, the trial court was not empowered to determine restitution as it did in this case.

Third, not even the September 14 order – had it been statutorily proper and had it sought to amend the June 29 order – was effective to cure the finality flaw of the June 29 order. The September 14 order made no provision for the schedule for or method of payment of the restitution.

> In a restitution case, the sentencing court must consider not only the victim's loss but also the financial resources and future ability of the defendant to pay. In ordering restitution, the trial court shall specify the amount of time and payment and may permit payment or performance of restitution in installments. The court may not, however, establish a payment or schedule extending beyond the expiration of the sentence. [A] defendant's ability to pay may be determined as much by the terms of payment as by the total amount of restitution. . . .

*State v. Comer*, 278 S.W.3d 758, 762 (Tenn. Crim. App. 2008) (dismissing the appeal for lack of appellate jurisdiction when the trial court deferred establishing the repayment terms pending the defendant's appeal of the restitution amount) (citations omitted). Given the requirement of the inclusion of payment terms, the trial court's deferral to the probation officer to finalize the terms with the defendant was problematic. At a minimum, the original plea agreement should have finalized a payment schedule pursuant to the mandate of Code section 40-35-304(g)(1), and the deferral to the administrative agency to finalize the payment schedule may well have been an improper delegation of judicial power. *See, e.g., State v. Charles Hopson Stewart*, No. M2008-00474-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, Oct. 6, 2008) (holding that the "trial judge violated the defendant's due process protections in allowing the drug court team to deliberate and make a recommendation to the court about the disposition of a matter that was statutorily vested in the trial judge's

authority").

Consequently, for the reasons enumerated above, the September 14 order did not serve to create a final judgment in the trial court.

*Conclusion*

We do not have jurisdiction over this case because the record contains no final judgment from which the defendant can appeal as of right. Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE