William W. Hunt, III, Asst. Atty. Gen., Nashville, Guy R. Dotson, Dist. Atty. Gen., Murfreesboro, for appellee.

Royce Taylor, Murfreesboro, for appellant.

**STATE of Tennessee, Appellee,**

v.

**Fred Campbell MADDOX, Appellant.**

**No. 79–104–III.**

Court of Criminal Appeals of Tennessee.

June 10, 1980.

OPINION

DAUGHTREY, Judge.

This case reaches us in a unique posture. The defendant, Fred Campbell Maddox, was convicted of second degree murder in December, 1975. He filed a motion for a new trial which was heard and overruled on May 11, 1976. On that same date, however, the defendant also filed an amendment to his motion for a new trial, asserting that the jury had been improperly instructed on the effect of parole, good and honor time, etc. See *Farris v. State*, 535 S.W.2d 608 (Tenn.1976), in which the Supreme Court struck down the statute authorizing such an instruction.[1] The trial judge purportedly took the ground contained in the amendment under advisement, saying that he "[did] not intend to rule upon [it] until a determination is made by the Court as to whether or not the appeal from the overruling of the substantive grounds in the motion for a new trial [sic]."

We know of no legal authority for the trial judge's attempt to retain jurisdiction over this question, while at the same time granting an appeal on the other matters contained in the motion for a new trial. To hold his order valid under such circumstanc-

---

1. The Tennessee Supreme Court's opinion in *Farris* was released after the filing of Maddox's motion for a new trial but before the hearing on May 11, 1976.

es would be to sanction piecemeal appeals, which are available only in very limited instances. See current Tennessee Rules of Appellate Procedure, Rules 9 and 10. Under our rules of appellate procedure, Rule 3 appeals (those taken as a matter of right from the trial court to this court) may be taken only from *final* judgments. Prior to the adoption of our new appellate rules, and at the time this case was originally appealed,[2] the law was substantially the same. *See, e. g.,* T.C.A. § 16–448, T.C.A. § 27–310; Tennessee Rules of Criminal Procedure, Rule 37(b); *Moultrie v. State,* 584 S.W.2d 217, 218 (Tenn.Cr.App.1978).

It follows that the attempt by the trial judge to retain jurisdiction over the amendment to the motion for a new trial was invalid. The illegality of this action should have been assigned as error on direct appeal in 1976. The failure to do so resulted in a waiver of the defendant's right to litigate the question on its merits. His current "appeal" is therefore foreclosed from review.

The order of the trial court purporting to grant the defendant an appeal is vacated, and the appeal is dismissed.

WALKER, P. J., and SCOTT, J., concur.

---

2. The defendant's conviction was affirmed by this Court on direct appeal. *Fred Campbell*

*Maddox v. State of Tennessee,* Court of Criminal Appeals at Nashville, January 28, 1977.