IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

## STATE OF TENNESSEE v. JOSEPH BENJAMIN COMER, IV

**Appeal from the Criminal Court for Loudon County**
**No. 10740      James B. Scott, Jr., Special Judge**

———————————————

**No. E2008-02559-CCA-R3-CD - Filed December 30, 2009**

———————————————

The Defendant, Joseph Benjamin Comer, IV, was convicted in the Loudon County Criminal Court on his guilty plea of reckless endangerment, a Class A misdemeanor, for which he received an eleven-month, twenty-nine-day sentence on probation. At issue in this appeal is the amount of restitution for damages caused by his crime. We affirm the judgment in part and remand the case to the trial court for entry of a corrected judgment reflecting that restitution is to be paid in monthly installments of $200.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed In Part; Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Joseph Benjamin Comer, IV.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Russell Johnson, District Attorney General; and Frank A. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for Class E felony reckless endangerment following his shooting .22 caliber ammunition into the home of Ginger Wilson, the victim. The State and the Defendant reached a plea agreement to the misdemeanor charge of which the Defendant was later convicted. The plea agreement called for the parties to reach an agreement about the amount of restitution, although they were unsuccessful in doing so. The question of the amount of restitution was submitted to the trial court for determination. The opinion in a previous appeal reflects the following:

A restitution hearing was held in Loudon County Criminal Court on February 5, 2007. At that hearing, Ginger Wilson testified that the defendant fired three bullets into her 1992 Oakwood mobile home. The bullets left "2 huge holes and one dent" in the mobile home, damaging the wallpaper and sheetrock. Ms. Wilson testified that as a result of the damage, the entire mobile home needed to be re-sided.

An estimate for the repair in the amount of $12,995 was entered into evidence.

On cross examination Ms. Wilson admitted to receiving a subpoena to bring in additional documents to substantiate her claim, but she testified that she had no such documentation. She testified that she paid "about $24,000" for the mobile home originally, a price that included some furniture. She did not know where the title to the mobile home was. The defense then entered into evidence a 2005 tax appraisal for the entire mobile home in the amount of $14,733.

The defense called no witnesses.

The trial court ordered the defendant to pay $12,995 in restitution to Ms. Wilson, with the payment schedule to be set by the trial court "upon completion of Appeal Process."

State v. Comer, 278 S.W.3d 758 (Tenn. Crim. App. 2008).

The Defendant appealed the restitution determination, and this court dismissed the appeal on the basis that the appellate court lacked jurisdiction because no final judgment had been entered in the case. The court noted, as well, that the trial court had the obligation to consider both the victim's loss and the Defendant's financial resources and future ability to pay pursuant to Code section 40-35-304(d) and State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim App. 2001). The appellate court also noted that the trial court must establish the amount of time and payment of restitution and had the ability to allow periodic payments. See T.C.A. 40-35-304(c); Comer, 278 S.W.3d at 761.

After the dismissal, the trial court conducted a second hearing. The victim testified that the cost to re-side her mobile home would be $12,995. She said she did not know the value of her home before the Defendant damaged it, nor did she know the value of her home afterwards. She did not dispute that her county tax appraisal valued her home at $14,733, but she stated that her home was worth more than this. She said she had temporarily repaired the holes in the exterior of her home with caulking.

The Defendant testified about his income and expenses using a written statement that was introduced as an exhibit. It reflects that he received Social Security disability payments of $800 per month and rental income of $159 per month. He listed itemized expenses totaling $2,172 and additional credit card debt on which he was not making payments. He said that his wife was employed with an annual income of $20,000 and that she had additional expenses that he had not listed on the document he prepared for the hearing. He said that in addition to his wife, his unemployed daughter and three grandchildren lived in his home.

After receiving the evidence, the trial court determined that a proper award of restitution was $6,450 and set the Defendant's monthly restitution payment at $200. The court stated that it made its determination "in view of [the Defendant's] income." The court also noted, "I don't think that will satisfy anybody but the proof in this case isn't all that clear."

On appeal, the Defendant argues that the trial court erred in determining the monthly and total restitution amount. He asks this court either to remand for a third restitution hearing or to modify the judgment to reflect no award of restitution. In support of his argument, he contends that the proper measure of the loss was the diminished value as a result of the crime, yet the victim sought $12,995 to completely re-side a mobile home with an assessed value of $14,733. He notes that the damage consisted of one hole that penetrated through the interior and exterior walls, a hole in the exterior with a bullet lodged in the wall, and a dent, and he notes that the victim incurred no cost in repairing her home by plugging the holes. The State responds that the Defendant has not demonstrated error in the trial court's ruling. We agree with the State.

Restitution may be ordered as a component of sentencing pursuant to Code sections 40-35-104(c)(2) and 40-35-304. Code section 40-35-304 allows restitution for the victim's "pecuniary loss," consisting of special damages and out-of-pocket expenses incurred by the victim relative to investigation and prosecution of the crime. Section 40-35-304 also states that in determining a proper amount and method of payment of restitution, "the trial court shall consider the financial resources and future ability of the defendant to pay or perform." T.C.A. § 40-35-304(d). If the trial court determines that the proper restitution amount pursuant to section 40-35-304(d) is less than the amount established by the jury under section 40-20-116(a), the court should establish the deficiency amount, which is collectable by execution. See T.C.A. § 40-20-116(a); State v. Patricia White, No. W2003-00751-CCA-R3-CD, Gibson County (Tenn. Crim. App. Oct. 15, 2004) (relying on State v. Charles Chesteen, E1999-00910-CCA-R3-CD, Cocke County (Tenn. Crim. App. June 8, 2000)). On appeal, review of an award of restitution is subject to de novo review, accompanied by a presumption that the trial court's determination was correct. State v. Johnson, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997); see T.C.A. § 49-35-401(d).

In the present case, the State presented proof that the victim had attempted to obtain repair estimates from several businesses, but none other than Sears would work on a mobile home. She determined that the exterior siding and interior wallpapered sheetrock could not be matched due to the age of the home. She acknowledged the appraisal value of her mobile home, but she testified that its actual value would be higher, although she could not provide precise figures for the actual value or the diminished value. She sought the cost to have the exterior re-sided, and despite having

testified about damage to the interior, she did not testify about an amount required to restore the interior.

The Defendant presented proof of personal expenses that were much greater than his income, although the proof demonstrated that some of the expenses the Defendant included in his statement of expenses were paid in part by his wife, although he had not accounted for his wife's income in his statement of income. The Defendant offered no proof that a less costly means existed for adequately repairing the damage he caused to the victim's home.

We hold that the Defendant has not overcome the presumptive correctness of the trial court's restitution determinations. The trial court took into account the facts of the case, which included the limitations the victim faced in finding someone who would work on her mobile home, the difficulty posed by the inability to match the siding the Defendant damaged, and the Defendant's limited income and his monthly expenses. We note, though, that the judgment of conviction does not reflect that the Defendant is obligated to pay $200 per month in restitution. The judgment needs to be corrected.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed in part, but the case is remanded to the trial court for entry of a corrected judgment reflecting that restitution is to be paid in monthly installments of $200.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE