IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

**STATE OF TENNESSEE v. WILLIAM CHANDLER DANIELS**

**Direct Appeal from the Circuit Court for Cocke County**
**No. 1365     Ben W. Hooper, II, Judge**

_____

**No. E2009-02172-CCA-R3-CD - Filed December 23, 2010**

_____

Appellant William Chandler Daniels pled guilty to a charge of theft of property valued at more than $10,000. The plea agreement stipulated that Appellant's sentence was to be three years, with the manner of service and restitution to be determined by the court. The completed judgment form indicates that Appellant was sentenced to serve his three years in the Tennessee Department of Correction. It also provides that "[r]estitution is reserved pending a hearing." At a subsequent hearing, the trial court ordered Appellant to pay $2,000 in restitution. In this appeal, Appellant challenges the trial court's authority to order restitution in combination with a custodial sentence as well as the court's evaluation of the appropriate amount of restitution. We conclude that the trial court was permitted to order restitution; however it did not consider Appellant's ability to pay or specify the time or amount of payment. Therefore, the case is remanded to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Keith E. Haas, Newport, Tennessee, for the appellant, William Chandler Daniels.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James B. Dunn, District Attorney General; and William Brownlow Marsh, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Factual Background

The record reflects that Appellant was indicted by a Cocke County Grand Jury for theft of property over $10,000 in violation of Tennessee Code Annotated section 39-14-103 for stealing a silage baler. It further reveals that Appellant entered into a plea agreement whereby he agreed to plead guilty to the charge in exchange for a sentence of three years. Pursuant to the plea agreement the manner of service and restitution were to be determined by the trial court.

The trial court entered a judgment on August 24, 2009. It provides that Appellant was sentenced to serve his three year sentence in the Tennessee Department of Correction. It further provides that "[r]estitution is reserved pending a hearing." It also stated that "[Appellant] is allowed work release."

On September 29, 2010, the trial court held a hearing to determine the amount of restitution. The court heard testimony from only one witness: the victim, Clevis Wayne Mason. The court considered Mr. Mason's personal opinion of the value of the baler as well as evidence of its insured value and an estimate of its fair market value. Explaining that the proper amount of restitution was the fair market value of the baler minus any insurance payments the victim received, the court ordered Appellant to pay $2,000 in restitution.

The same day, the court entered an order setting restitution. It states: "The Court, after hearing proof from the victim and the argument of counsel, sets the amount of restitution in this cause at $2,000.00 payable to the victim. . . ."

This appeal followed. In it, Appellant challenges the trial court's authority to order restitution in combination with an entirely custodial sentence. He also asserts that the trial court erred in setting the amount of restitution by failing to consider his ability to pay.

## II. Analysis

Before we evaluate the merits of Appellant's challenge, we must first determine that this court has jurisdiction. See State v. Comer, 278 S.W.3d 758, 760 (Tenn. Crim. App. 2008). Tennessee Rule of Appellate Procedure 3(b) provides a criminal defendant "a right to appeal when the trial court has entered a final judgment of conviction." Id. at 760-61 (quotation marks omitted). However, "Rule 3 appeals . . . may be taken only from *final* judgments." State v. Maddox, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980) (emphasis added). This finality rule is derived both from Rule 3(b) and from this court's jurisdiction under Tennessee Code Annotated section 16-5-108. See Comer, 278 S.W.3d at 761; see also Tenn. Code Ann. § 16-5-108(a)(1).

This court has recently issued diverging opinions concerning whether it has jurisdiction in cases where, as here, the judgment of conviction does not provide the amount of, or set a schedule for, restitution payments. Compare Comer, 278 S.W.3d at 760-62 (concluding the court lacked jurisdiction where the judgment "incorporated by reference" an earlier restitution order that stated the "Payment Schedule shall be set by the Court upon completion of the Appeal Process"), and State v. Rodney Northern, No. E2009-01969-CCA-R3-CD, 2010 WL 2852288 (Tenn. Crim. App. at Knoxville, July 21, 2010) (concluding that the court lacked jurisdiction because the judgment stating restitution "TBD @ hearing" was not a final order and the subsequent restitution order "[did] not purport to amend the earlier judgment form"), pet. to rehear denied, (Aug. 31, 2010), with State v. Donna Harvey, No. E2009-01945-CCA-R3-CD, 2010 WL 4527013, at *3-5 (Tenn. Crim. App. at Knoxville, Nov. 9, 2010) (exercising jurisdiction without discussion where record revealed that the judgment stated "[r]estitution hearing on 1/20/09" and the restitution order did not expressly amend the judgment).

Because the critical language contained in the judgment in Comer expressly contemplated additional action by the court, we do not believe the outcome of the instant case is dictated by that decision. In Comer, the judgment stated that the payment schedule would be set *after* an anticipated appeal. 278 S.W.3d at 760. That language made the order "functionally incomplete and . . . necessarily interlocutory in nature." Id. Here, by contrast, nothing in the record suggests the trial court anticipated further action beyond the restitution order. Thus, as explained below, the judgment form and restitution order constitute a final judgment. Accordingly, Comer is not an impediment to our exercise of jurisdiction in the present case.

Upon review, for the reasons explained in Judge Tipton's dissent in Northern, No. E2009-01969-CCA-R3-CD, 2010 WL 2852288, at *4-5, we conclude that, between the judgment of conviction, which references a later restitution hearing, and the order emanating from that hearing, the record contains a "final order" and provides a sufficient basis to invoke our jurisdiction, see Tenn. Code Ann. § 16-5-108(a)(1); Tenn. R. App. Pro. 3(b).

As for the merits, Appellant first contends that the trial court erred in ordering any restitution because it sentenced Appellant to confinement in the Department of Correction. We disagree. Among the sentencing alternatives provided in Tennessee Code Annotated section 40-35-104(c) are payment of restitution, id. at (c)(2), and "[a] sentence of continuous confinement in the department of correction if the conviction is for a felony and the sentence is at least one (1) year," id. at (c)(8). Furthermore, the judgment of conviction plainly states that Appellant is eligible for work release for some portion of his sentence. Subsection (c)(7)

contemplates such a scenario as part of an alternative sentence that can include restitution.[1] Moreover, Tennessee Code Annotated section 40-20-116(a) *requires* restitution "[w]henever a felon is convicted of stealing or feloniously taking or receiving property, or defrauding another of property." We conclude that the trial court had authority to order both custody in the Department of Correction and restitution.

Although restitution may be ordered in conjunction with a custodial sentence, our law provides that all restitution orders must be determined via the procedure in Tennessee Code Annotated section 40-35-304. See Tenn. Code Ann. § 40-35-304(g). That is true even where restitution is mandated under section 40-20-116(a). See State v. Brigitte Pauli, No. M2002-01607-CCA-R3-CD, 2003 WL 21302991, at *18-20 (Tenn. Crim. App. at Nashville, June 5, 2003) (applying section 304(g) for an offense where restitution was mandatory under section 116(a)); see also Harvey, No. E2009-01945-CCA-R3-CD, 2010 WL 4527013, at *3-5. The procedure requires, among other things, that the court "specify" the "amount and time of payment," which "may" include "payment or performance in installments." Tenn. Code Ann. § 40-35-304(c). It also requires that the court "consider the financial resources and future ability of the defendant to pay or perform." Id. at (d). To the extent the restitution amount dictated by section 304 differs from that dictated by section 116, the latter "contemplates the court establishing the deficiency amount" that "is subject to collection by execution as in the case of a judgment." State v. Charles Chesteen, No. E1999-00910-CCA-R3-CD, 2000 WL 739458, at *12 (Tenn. Crim. App. at Knoxville, June 8, 2000), superseded by statute as stated in Pauli, No. M2002-01607-CCA-R3-CD, 2003 WL 21302991, at *18; see also State v. Barbara Ann Riggs, No. E2009-00820-CCA-R3-CD, 2010 WL 2106212, at *12 (Tenn. Crim. App. at Knoxville, May 26, 2010); State v. Ardie Mae Culbreath, No. M2007-01157-CCA-R3-CD, 2008 WL 2796467, at *2 (Tenn. Crim. App. at Nashville, July 21, 2008); State v. Patricia White, No. W2003-00751-CCA-R3-CD, 2004 WL 2326708, at *22 (Tenn. Crim. App. at Jackson, Oct. 15, 2004).

Although the trial court took evidence and found facts concerning the amount taken from the victim, it did not consider Appellant's ability to pay, see Tenn. Code Ann. § 40-35-304(d), nor did it set a specific amount and time of payment, see id. at (c). Thus, the case must be remanded for further proceedings.

---

[1] To be sure, subsection (c)(7) concerns a relatively limited set of circumstances: work release under Tennessee Code Annotated section 40-35-315. Section 315 gives a trial court authority to order work release when the defendant is at the local jail or workhouse pursuant to section 212 (providing for custody of a defendant while awaiting transfer to the Department of Corrections) as long as "the administrative authority of the institution has not formulated a program for work release," id. § 40-35-315(a). However, we are unable to determine from the record on appeal whether subsection (c)(7) applies here.

### III.  Conclusion

Based upon the record and the parties' briefs, we conclude that, while the trial court was empowered to order restitution, it failed to consider Appellant's ability to pay and did not set a specific amount and time for payment.  We must therefore remand the case for further proceedings.  In addition, we note that the judgment form erroneously states that Appellant was convicted of a class D felony.  Theft of property valued at more than $10,000 is a class C felony.  <u>See</u> Tenn. Code Ann. § 39-14-105(4).  Upon remand, this error should be corrected.

_____

NORMA McGEE OGLE, JUDGE