IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2013

**STATE OF TENNESSEE v. LAMOUR ASHLEIGH SLIGH**

**Appeal from the Circuit Court for Blount County**
**No. C-16573      David R. Duggan, Judge**

**No. E2012-02097-CCA-R3-CD - Filed June 24, 2013**

The defendant, Lamour Ashleigh Sligh, was charged by information in the Blount County Circuit Court with possession with intent to deliver not less than one-half ounce of marijuana, a charge to which he pleaded guilty in 2007, agreeing to a suspended, two-year, Range I sentence. Following a series of probation revocations, the trial court revoked the probation in 2012 and ordered the defendant to serve the balance of his original sentence. We affirm the trial court's order.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Lamour Ashleigh Sligh.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The judgment imposing the two-year sentence was entered on June 29, 2007, and would have expired on June 29, 2009, if left undisturbed. A 2008 probation violation report led to a 2008 revocation of probation and an order to serve 30 days in incarceration. A subsequent 2008 probation violation report led to a revocation of probation on May 8, 2009, and an order requiring the defendant to serve the balance of his original sentence. Apparently, this order effectively ended the initial probation term. *See* T.C.A. § 40-35-310(a) (stating that, in revoking probation and ordering the imposition of the original

incarcerative sentence, the court may "annul the suspension").

The record reveals that the defendant was released on September 20, 2009, presumably pursuant to Code section 40-35-501, which provides, "Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." T.C.A. § 40-35-501(a)(3); *see id.* § 40-35-104(b)(1) (felony sentences of more than one year but less than three years served in the local jail or workhouse); *see also id.* § 40-35-212(c) (trial court retains jurisdiction over the manner of service of a sentence to the local jail or workhouse). A violation of probation report was filed on January 7, 2011, that led to a revocation of probation on February 28, 2011, and an order to return the defendant to supervised probation and to extend his probation period for one year. *See id.* § 40-35-501(a)(7); -308(c) (giving trial court authority, upon revocation, to "extend the defendant's period of probation supervision for any period not in excess of two (2) years").

A subsequent probation violation report was filed on December 21, 2011, that led to a March 19, 2012 revocation of probation and an order to serve 60 days' incarceration and to extend the probation period for an additional year. Yet another probation violation report was filed on May 29, 2012, that led to a September 28, 2012 order requiring the defendant to serve the balance of his sentence in incarceration. From this order, the defendant filed a timely appeal.

In the revocation hearing, the defendant's probation officer testified roughly to the procedural history as outlined above. He testified that the revocation at issue emanated from the defendant's (1) moving his residence without informing the probation office, (2) failing to report to supervised probation following his serving 60 days in jail, and (3) failing to pay court costs and supervision fees.

The defendant testified and admitted that he failed to report after being released from jail. He testified that, upon his release, he asked the "guards" whether he was required to report and that they responded, "[I]t doesn't say, only thing you're supposed to do is pay your fines." He said that he asked the "guards" whether they were sure and that they responded, "[T]hat's it. And they walked me right outside."

The defendant testified that he had not paid his fine and costs because he had "just now started working with DuPont Tate & Lyle." He said he earned $12.50 per hour and brought home $1,127 biweekly. He testified that he changed his residence from his previous residence at his wife's parents' home because his wife left. He said he moved to his mother's home in Knoxville.

On cross-examination, the defendant testified that the State had "ke[pt] extending [his probation] because of [his] fees." He maintained that his prior revocation issues were the nonpayment of fees.

The trial court held that the defendant had "engaged in a material violation of the terms of his probation, based upon moving from his last known address without notifying his officer and being in the category of . . . absconder because of that; failing to report; failing to pay his costs and supervision fees."

The court found that the current revocation was the fifth revocation of the defendant's probation. The court further found that three of the previous violations involved failures to report, one involved a failure to report an arrest, three involved failures to maintain employment, and one involved an arrest for driving on a suspended license. The court determined that "[t]here's no reason to believe [the defendant] is going to comply with the terms of probation and his probation is revoked and I order him to serve his sentence."

Following the announcement of the ruling, defense counsel stated that he was not prepared to address the issue of sentence credits. The trial judge then stated, "He'll certainly be given all credit that he's entitled to for time served. And that will be supplied by a separate order."[1]

On appeal, the State's sole issue on appeal is that the defendant has waived his appellate issue due to his failure to properly brief the issue. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

"The accepted appellate standard of review of a probation revocation is abuse

---

[1]As such, this revocation order did not finalize the case. In and of itself, the order would not have been appealable. *See* T.C.A. § 16-5-108(a)(1); *State v Comer*, 278 S.W.3d 758, 760 (Tenn. Crim. App. 2008); *State v. Maddox*, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980). A subsequent order awarding jail credits was filed but not until nearly three weeks after the filing of the defendant's notice of appeal. A strong principle in our law of transition between the trial court and the appellate court is that "[t]he jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction." *See State v. Pendergrass*, 937 S. W.2d 834, 837 (Tenn. 1996). Pursuant to this rule, the filing of the notice of appeal before the trial court finalized its revocation order eclipsed the trial court's power to enter the second order. On the other hand, in that situation, the "appeal" of the inchoate revocation order would have resulted in a dismissed appeal, leading to a remand, the ultimate curing of the revocation order by the revival of the second order, and likely a new and proper appeal. We have determined that this circular process can be averted by treating the second order as the order finalizing the defendant's revocation so that the intervening filing of the notice of appeal may be regarded as innocuously premature. *See* Tenn. R. App. P. 4(d).

of discretion." *State v. Farrar*, 355 S.W.3d 582, 585 (Tenn. Crim. App. 2011). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-31 1(e)(1). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e).

In the present case, the record shows that the defendant violated the terms of his probation, and the defendant conceded, at least, that he did so by not paying his fine and costs and by changing his place of residence without permission. Accordingly, the trial court's determination that the defendant violated his probation is supported in the record. Furthermore, the defendant's chronic failures in following the rules of probation justify the trial court's ordering him to serve the balance of his original sentence.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE