IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2021

**STATE OF TENNESSEE v. JOSEPH GEVEDON**

**Appeal from the Circuit Court for Giles County
No. CR-14841, CR-14842 Stella L. Hargrove, Judge**

———————————————————

**No. M2020-00359-CCA-R3-CD**

———————————————————

JOHN EVERETT WILLIAMS, P.J., dissenting.

I respectfully disagree with the majority's conclusion that this court is without jurisdiction to hear the appeal because no final judgment has been entered.

Tennessee Rule of Appellate Procedure 3(b) provides that a criminal defendant has "a right to appeal when the trial court has entered a final judgment of conviction." *State v. Comer*, 278 S.W.3d 758, 760-61 (Tenn. Crim. App. 2008) (quotation omitted). However, "'Rule 3 appeals … may be taken only from *final* judgments.'" *State v. William Chandler Daniels*, No. E2009-02172-CCA-R3-CD, 2010 WL 5343776, at *1 (Tenn. Crim. App. Dec. 23, 2010) (quoting *State v. Maddox*, 603 S.W.2d 740, 741 (Tenn. Crim. App. 1980)). A judgment is considered final "'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" *State v. David Allan Bohanon*, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *3 (Tenn. Crim. App. Oct. 25, 2013) (quoting *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995)).

This court has concluded that it lacked jurisdiction where the judgment "incorporated by reference" an earlier restitution order, which provided that "Payment Schedule shall be set by the Court upon completion of the Appeal Process." *Comer*, 278 S.W.3d at 760-62; *see State v. Rodney Northern*, No. E2009-01969-CCA-R3-CD, 2010 WL 2852288, at *2 (Tenn. Crim. App. July 21, 2010) (concluding that this court lacked jurisdiction where the judgment of conviction stated restitution was "TBD @ hearing" and the subsequent restitution order was not incorporated into and did not purport to amend the judgment and delegated establishing a payment schedule to a probation officer). In *Comer*, this court reasoned that the judgment stating that the restitution payment schedule would be set after an anticipated appeal made the order "functionally incomplete and … necessarily interlocutory in nature." *Comer*, 278 S.W.3d at 760.

However, this court also has concluded that it had jurisdiction where the judgment of conviction stated that restitution would be set at a later hearing and the subsequent restitution order set the restitution amount and payment schedule, and this court determined that the judgment of conviction and the subsequent restitution order, when taken together, constituted a "final judgment." *David Allan Bohanon*, 2013 WL 5777254, at *3-4; *see William Chandler Daniels*, 2010 WL 5343776, at *2-3 (concluding that this court had jurisdiction where the judgment of conviction stated that restitution would be set at a later hearing and the subsequent restitution order set the restitution amount but did not set a payment schedule and reasoning that between the judgment of conviction, which referenced the later restitution hearing, and the order resulting from that hearing, the record contained a "final order").

In the present case, the judgment of conviction, entered on September 23, 2019, expressly stated, "Restitution hearing to be held." I agree that this judgment of conviction, standing alone, did not constitute a final order because the judgment expressly stated that the trial court intended to resolve additional issues involving restitution. *See Comer*, 278 S.W.3d at 760. Following a hearing, the trial court entered an order on February 25, 2020, setting restitution, thus resolving the remaining issue to be determined, and there is nothing in the record suggesting that the trial court anticipated further action beyond the restitution order. Although the trial court failed to include a payment schedule in the order, the failure to provide a payment schedule does not deprive this court of jurisdiction but simply involves an error in the order. *See William Chandler Daniels*, 2010 WL 5343776, at *2-3 (holding that that the judgment form and the restitution order, when considered together, constituted a final judgment for purposes of this court's jurisdiction but concluding that the trial court erred in failing to consider the defendant's ability to pay in ordering restitution and in failing to set a restitution payment schedule).

I conclude that between the judgment of conviction referencing a later restitution hearing and the order resulting from that hearing, the appellate record includes a final judgment and provides a sufficient basis for this court to invoke its jurisdiction. *See David Allan Bohanon*, 2013 WL 5777254, at *3-4; *William Chandler Daniels*, 2010 WL 5343776, at *2-3. Turning to the issues raised by the Defendant, I conclude that the trial court properly exercised its discretion in revoking the Defendant's probation and requiring him to serve his sentence in confinement as a result of the Defendant's being subsequently charged with driving on a revoked license and his failing a drug test. *See* T.C.A. §§ 40-35-309, -310(e). However, I further conclude that the trial court erred in setting restitution without considering the Defendant's future ability to pay. T.C.A. § 40-35-304(d) (2019), *amended by* 2021 Tennessee Laws Pub. Ch. 413 (eff. date Jan. 1,

2022).[1]  Accordingly, I would remand the case for further findings regarding the Defendant's financial resources and ability to pay, as well as the time of payment if restitution is ordered.  I would otherwise affirm the trial court's judgment.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

---

[1] The General Assembly recently amended section 40-35-304(d) to provide, "In determining the amount and method of payment or other restitution, the court *may* consider the financial resources and future ability of the defendant to pay or perform."  2021 Tennessee Pub. Acts Ch. 413 § 2 (eff. date Jan. 1, 2022) (emphasis added).  However, this amendment is not effective until January 1, 2022, and, therefore, it has no impact on the outcome of this appeal.