IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 7, 2022 Session

## STATE OF TENNESSEE v. CHASITY TANESHA YANCEY

**Appeal from the Circuit Court for Madison County**
**No. 19-474-B          Donald H. Allen, Judge**

————————————————————

### No. W2022-00131-CCA-R3-CD

————————————————————

A Madison County Circuit Court adjudicated the defendant, Chasity Tanesha Yancey, not guilty by reason of insanity for one count of first-degree murder, one count of first-degree murder committed during the perpetration of aggravated child abuse, and two counts of aggravated child abuse. Pursuant to Tennessee Code Annotated section 33-7-303, the trial court ordered the defendant be diagnosed and evaluated on an outpatient basis and to comply with the recommended Mandatory Outpatient Treatment ("MOT") plan. In a subsequent order, the trial court modified the MOT plan by imposing additional conditions upon the defendant. As a result of the modification order, the defendant filed a direct appeal, an interlocutory appeal, and an extraordinary appeal under Rules 3, 9, and 10 of the Tennessee Rules of Appellate Procedure, respectively. After the trial court denied the defendant's Rule 9 motion, this Court consolidated the Rule 3 and Rule 10 appeals in order to address both the jurisdictional issue and the merits of the case. Upon our review, we conclude the jurisdiction of this Court lies with an interlocutory appeal pursuant to Rules 9 or 10 and grant the defendant's Rule 10 application. In doing so, we remand the case to the trial court for a hearing on the issue of whether modifications should be made to the defendant's MOT plan.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. Ross Dyer, J., delivered the opinion of the court, in which Jill Bartee Ayers and John W. Campbell, Sr., JJ., joined.

Jessica F. Butler and Brennan M. Wingerter, Assistant Public Defenders, Tennessee District Public Defenders Conference, Franklin, Tennessee (on appeal); Joshua Phillips and Jeremy Epperson, Assistant Public Defenders, Jackson, Tennessee (at trial), for the appellant, Chasity Yancey.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The defendant, Chasity Tanesha Yancey, and her mother, Priscilla Ann Barnett, were indicted for one count of first-degree murder, one count of first-degree murder committed during the perpetration of aggravated child abuse, and two counts of aggravated child abuse committed against two of the defendant's minor children.[1]  Tenn. Code Ann. §§ 39-13-202; -15-402.  In order to determine her competency to stand trial, the Madison County Circuit Court ordered the defendant to be evaluated by Pathways Behavioral Health Services ("Pathways").  After the evaluation, Pathways concluded the insanity and diminished capacity defenses were supported in the defendant's case, and the defendant filed a notice of her intent to rely on the defenses.  The defendant did not proceed to trial.  Instead, on November 23, 2021, the trial court found the defendant not guilty by reason of insanity of the charged offenses pursuant to Tennessee Code Annotated section 33-7-303 ("the NGRI statute").  As required by the NGRI statute, the trial court ordered Pathways to evaluate the defendant again in order to determine whether she met the standards for commitment to a mental health institute or whether she should receive treatment on an outpatient basis.  The evaluation indicated the defendant was not committable, recommended treatment on an outpatient basis, and provided a proposed MOT plan tailored to the defendant.  The MOT plan required the defendant to live at a specified residence and to follow the rules of the residence.

The trial court reviewed the results of the evaluation and the proposed MOT plan during a hearing on December 13, 2021.  Neither the State nor the defendant presented any proof.  However, the State asked the trial court to consider "a couple of other things" in relation to the proposed MOT plan, including:  the defendant's desire to visit with her oldest child; whether the defendant could visit the grave of the deceased victim in this case; the defendant's desire to go to night clubs; and the defendant's telephone interaction "with a convicted felon who is on the sex offender registry."  At the conclusion of the hearing, the trial court approved the proposed MOT plan and entered a written order, requiring:  the defendant to seek outpatient treatment with Pathways; the court clerk to provide a copy of the order to Pathways; for Pathways to "file a report with the District Attorney General every six (6) months as to the defendant's continuing need for treatment;" and for "the cost of treatment be taxed as court costs."

---

[1] The trial court severed the defendant's case from her co-defendant's on August 25, 2020.

On January 5, 2022, the trial court sua sponte entered a subsequent order imposing additional conditions on the defendant outside of the MOT plan ("the modification order").[2]  In the modification order, the trial court again approved the MOT plan and imposed additional conditions upon the defendant, as follows:

1. That the defendant may not visit the gravesite of [the victim],
2. That the defendant may not have contact with any of her children (MOT also does [not] allow it),
3. That the defendant may not have contact with convicted felons,
4. That the defendant may not go to night clubs, and
5. That the defendant may not leave the house without a staff member being with her.

The defendant then sought to appeal the modification order in various ways.  First, on February 3, 2022, the defendant filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.  Four days later, on February 7, 2022, the defendant filed a motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.  On March 21, 2022, the trial court held a hearing on the Rule 9 motion during which the parties discussed the modifications imposed by the trial court. Generally, the defendant argued that "there is nothing in the record to demonstrate why the additional conditions are necessary on top of what Pathways already determined was the most appropriate plan for [the defendant]."  The State argued the Rule 9 motion should be denied because the defendant was attempting to appeal from a final order and, thus, the criteria for a Rule 9 appeal were not met.  The defendant disagreed, asserting the modification order was not a final order and that a Rule 9 appeal was the appropriate mechanism to address the issues before the trial court.  Though the defendant's caregivers were present during the hearing and answered questions from the trial court, no sworn testimony was given.  Ultimately, the trial court denied the Rule 9 motion.

Finally, on March 25, 2022, after the denial of her Rule 9 motion, the defendant filed an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure with this Court.  The defendant submitted the following reasons in support of her Rule 10 application:

I.  Immediate appellate review is necessary to decide whether a trial court has authority to impose punitive restrictions on an individual's

---

[2] The record indicates that the modification order was stamp filed on January 4, 2022, but that it was signed by the trial court on January 5, 2022.

mandatory outpatient treatment plan when no such restrictions have been requested by the individual's qualified mental health providers.

II.    Immediate appellate review is necessary to decide how the cost of mandatory outpatient treatment, which is supposed to be taxed as courts costs, is to be paid when the individual subjected to court-ordered treatment is indigent, and no other funds are available

This Court consolidated the Rule 3 and Rule 10 appeals by order on April 20, 2022. In the order, we noted that "there appears to be conflicting authority over whether the trial court's order in this case is a 'final adjudication' subject to an appeal as of right under subsection (d)[3] and Tennessee Rule of Appellate Procedure 3 or an interlocutory order subject to a discretionary appeal under Tennessee Rules of Appellate Procedure 9 and 10." As such, the parties were instructed to thoroughly brief "both the jurisdictional issue and the merits of the appeal." This appeal followed.[4]

*Analysis*

First, we must address the jurisdictional issue before the Court. As noted above, in our consolidation order, we asked the parties to thoroughly brief whether the trial court's modification order constitutes a final adjudication subject to an appeal as of right under Rule 3 or an interlocutory order subject to a discretionary appeal under Rules 9 or 10. The defendant asserts her case "was properly appealed to this Court through interlocutory review because the trial court has yet to enter a final judgment," and the State concedes that the trial court's modification order was "interlocutory in nature and not a 'final adjudication.'" Further, the State argues because the defendant filed the Rule 3 notice of appeal before filing the Rule 9 motion for interlocutory appeal, this Court is without jurisdiction to review the case. For the reasons listed below, we agree that the modification order is not a final judgment and, as a result, is subject to a discretionary appeal under Rules 9 or 10.

---

[3] Subsection (d) of the NGRI statute provides that "[e]ither party may appeal a final adjudication under this section to the court of criminal appeals." Tenn. Code Ann. § 33-7-303(d) (2017).

[4] We also note, subsequent to this Court's consolidation order, the trial court entered an agreed order on June 24, 2022, modifying the additional conditions imposed upon the defendant in the January modification order, as follows:

1. That [the defendant] is allowed to visit with her sister for a few hours without the presence of staff of her treatment team.
2. That [the defendant] is allowed to be transported to church in the church van without the presence of staff of her treatment team.
3. That all other rulings of the previous order not inconsistent with this order shall remain in effect.

- 4 -

Rule 13 of the Tennessee Rules of Appellate Procedure requires this Court to determine whether we have jurisdiction in every case presented on appeal. Tenn. R. App. P. 13(b); *State v. Kim McBride Murphy*, No. E2007-02647-CCA-R3-CD, 2008 WL 4614323, at *1 (Tenn. Crim. App. Oct. 17, 2008). Rule 3 of the Tennessee Rules of Appellate Procedure further provides, in pertinent part, that "[i]n criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty." Tenn. R. App. P. 3(b). "An appeal as of right is an appeal that does not require permission of the trial or appellate court as a prerequisite to taking an appeal." Tenn. R. App. P. 3(d). "The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citations omitted).

By contrast, "[a]n interlocutory appeal is an exception to the general rule that requires a final judgment before a party may appeal as of right" and, depending upon the type of appeal filed, "requires the permission of both the trial court and the appellate court." *State v. Gilley*, 173 S.W.3d 1, 4-5 (Tenn. 2005) (citing Tenn. R. App. P. 9(b) and (c)). Rules 9 and 10 of the Tennessee Rules of Appellate Procedure address discretionary appeals afforded to a defendant in certain situations. Rule 9 provides:

> Except as provided in Rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court. In determining whether to grant permission to appeal, the following, while neither controlling nor fully measuring the courts' discretion, indicate the character of the reasons that will be considered: (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment. Failure to seek or obtain interlocutory review shall not limit the scope of review upon an appeal as of right from entry of the final judgment.

Tenn. R. App. P. 9(a). Similarly, Rule 10 states:

> An extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals: (1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules. The appellate court may issue whatever order is necessary to implement review under this rule.

Tenn. R. App. P. 10(a).

The defendant was found not guilty by reason of insanity pursuant to the NGRI statute. Tenn. Code Ann. § 33-7-303(g). After the appropriate evaluations were completed by Pathways, the trial court conducted a hearing in December 2021, after which it ordered the defendant to participate in outpatient treatment and approved the proposed MOT plan. Then, in January 2022, the trial court entered the modification order at issue in this appeal.[5] To challenge the modification order, the defendant filed a Rule 3 notice of appeal on February 3, 2022, and a Rule 9 motion for interlocutory appeal on February 7, 2022. In order to determine the jurisdiction of this Court, we must determine if the modification order constituted a final order or an interlocutory one. If the order was final, meaning "'it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court,'" then the defendant's appeal would lie from Rule 3. *State v. Comer*, 278 S.W.3d 758, 761 (Tenn. Crim. App. 2008) (quoting *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995)). However, if the order was interlocutory, an appeal could lie from Rules 9 or 10.

Here, the parties agree that the modification order was interlocutory in nature, and upon our review of the record, we agree. During the December hearing and the hearing on the defendant's Rule 9 motion, the trial court indicated its intent to review the defendant's progress under the MOT plan in the future and its willingness to alter the conditions placed upon her under the modification order based upon the defendant's compliance. Additionally, subsection (g)(5) of the NGRI statute provides guidance to trial courts when a defendant is ordered to participate in outpatient treatment, stating:

---

[5] We note, neither party challenges the trial court's December 2021 order approving the original MOT plan.

Any person ordered by the trial court to participate in outpatient treatment under this subsection (g) shall do so for an initial mandatory period of six (6) months. Upon completion of the initial six-month period, the trial court shall review the person's need for continued court-ordered outpatient treatment.

Tenn. Code Ann. § 33-7-303(g)(5) (2017). Thus, the record indicates the trial court's modification order was not final as it is clear the order did not decide or dispose of the whole merits of the defendant's case and the trial court indicated its intent to provide further judgment over the defendant's compliance with the MOT plan and the additional conditions imposed upon her. *Comer*, 278 S.W.3d at 761. As a result, the appropriate appellate avenue from which the defendant could appeal the modification order was through a discretionary appeal pursuant to Rules 9 or 10 of the Tennessee Rules of Appellate Procedure.

Though the defendant filed a Rule 9 motion, the record makes clear that she did so after filing a Rule 3 notice of appeal. "The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction." *Pendergrass*, 937 S.W.2d at 837. Thus, when the defendant filed her Rule 3 notice of appeal on February 3, 2022, the trial court was divested of jurisdiction, and this Court obtained jurisdiction over the defendant's case. Accordingly, the trial court was without jurisdiction to entertain the defendant's Rule 9 application.

After the trial court denied the Rule 9 motion on March 21, 2022, the defendant filed a Rule 10 application for extraordinary appeal on March 25, 2022. Rule 10 "applications may be denied by the appellate courts, if not pursued within a reasonable time, in the particular circumstances of the case, but we do not deem it appropriate to impose a rigid time limitation on such applications." *State v. Best*, 614 S.W.2d 791, 794 (Tenn. 1981). Here, the defendant clearly pursued the Rule 10 application within a reasonable time. In the Rule 10 application, the defendant requested immediate appellate review of the trial court's "authority to impose punitive restrictions on an individual's mandatory outpatient treatment plan when no such restrictions have been requested by the individual's qualified mental health providers." In general, all of the defendant's appellate attempts challenge the modification order imposed by the trial court. Thus, we believe the record is replete with the arguments pursued on appeal.

As noted, an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. 10(a). And, "this court may treat an improperly filed Rule 3 appeal as a Rule 10 extraordinary appeal." *State v. Norris*, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000) (citing *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App.

1998); *State v. James Doe,* No. 01C01-9102-CR-00046, slip op. at 5-6, 1992 WL 521516 (Tenn. Crim. App., June 29, 1992)). We choose to do so in this case, and for the reasons detailed below, we conclude immediate review of the trial court's imposition of the modification order is warranted.

Pertinent to the defendant's case, under the NGRI statute: "If, after outpatient evaluation, the person is not committed to inpatient hospitalization under chapter 6, part 5 of this title, the trial court shall order the person to participate in outpatient treatment." Tenn. Code Ann. § 33-7-303(g)(3). Tennessee Code Annotated section 33-6-604 addresses judicial review of a mandatory outpatient treatment plan and instructs a trial court to conduct a hearing "to determine whether the treatment plan is medically appropriate and legally permissible" in order to "either approve the plan or approve the plan as modified by the releasing facility and the outpatient qualified mental health professional to correct deficiencies found by the court." Tenn. Code Ann. § 33-6-604(3), (4).

Here, the trial court entered the modification order without conducting the statutorily-required hearing. During the December hearing, the MOT plan was submitted to the Court, and while the State suggested the trial court consider "a couple of other things" in relation to the defendant's outpatient treatment, neither the State nor the defendant offered any sworn proof concerning the State's "suggestions." Rather, the trial court simply had a discussion in open court with the parties and at least one of the defendant's caregivers. There is no evidence in the record to support the alleged deficiencies under the MOT plan as imposed by the modification order. The plan was then accepted by the trial court as submitted. Then, several weeks later, the trial court sua sponte entered an order modifying the MOT.

Pursuant to Tennessee Code Annotated section 33-6-604, if the trial court finds deficiencies in the proposed MOT plan, the proper procedure requires the trial court to address the deficiencies during a hearing after which it "shall either approve the plan or approve the plan as modified by the releasing facility and the outpatient qualified mental health professional." Tenn. Code Ann. § 33-6-604(4). It is clear from the record the trial court approved the MOT plan as originally submitted by the mental health provider during the December hearing. Subsequently, and without conducting a hearing, the trial court sua sponte entered the modification order. As a result, the record is absent any evidence to support the modification order. While it is conceivable that the trial court could modify the MOT plan upon finding deficiencies, evidence is still required to support the modification. *See State v. Sandra Lynn Baumgartner*, No. W2003-00038-CCA-R3CD, 2003 WL 21383208, at *9 (Tenn. Crim. App. Apr. 14, 2003) (finding, after the trial court adjudicated the defendant not guilty under the NGRI statute and found she was subject to outpatient treatment, that the evidence in the record preponderated against the trial court's imposition of two conditions that fell outside of the MOT plan). Here, no evidence exists

in the record to support the additional conditions imposed by the trial court in the modification order.

Thus, the record indicates the trial court departed from the accepted and usual course of judicial proceedings by failing to conduct a hearing pursuant to Tennessee Code Annotated section 33-6-604 and, as a result, by failing to obtain evidence to support the modification of the defendant's MOT plan. Based upon the foregoing reasoning, we reverse the trial court, vacate the modification order, and remand the case to the trial court for an evidentiary hearing regarding the modification of the defendant's mandatory outpatient treatment plan.

### *Conclusion*

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand the matter for a hearing consistent with this opinion.

_____
J. ROSS DYER, JUDGE